LEE LITIGATION GROUP, PLLC
C.K. Lee
Brandon Sherr
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| HIPOLITO VASQUEZ and JORGE URUCHIMA, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiffs, | **CLASS AND COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| MVNBC CORP. d/b/a BENVENUTO CAFÉ TRIBECA, PERRY MALLAS, and WILLIAM MALLAS | |
| Defendants. | |

---

Plaintiffs, HIPOLITO VASQUEZ and JORGE URUCHIMA (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against MVNBC CORP d/b/a BENVENUTO CAFÉ TRIBECA, (the "Corporate Defendant") and PERRY MALLAS and WILLIAM MALLAS (the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) illegally retained gratuities, (3) unreimbursed costs for "tools of the trade," (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit, (2) unpaid wages due to time shaving, (3) improper meal credit deductions, (4) illegally retained gratuities, (5) unreimbursed costs for uniforms, (6) unreimbursed costs and maintenance for "tools of the trade," (7) statutory penalties, (8) liquidated damages and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, HIPOLITO VASQUEZ, for all relevant time periods, was a resident of Richmond County, New York.

6.      Plaintiff, JORGE URUCHIMA, for all relevant time periods, was a resident of Kings County, New York.

7.      Defendants own and operate a 24-hour café under the trade name "BENVENTUO CAFÉ TRIBECA" located at 189 Franklin Street, New York, NY 10013 (the "Café").

8.      Corporate Defendant MVNBC CORP. d/b/a BENVENTUO CAFÉ TRIBECA is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 950 Broadway New York, New York 10010, and a principal place of business located at 189 Franklin Street, New York, NY 10013. Defendants operate BENVENTUO CAFÉ TRIBECA through Corporate Defendant MVNBC Corp.

9.      Individual Defendants:

        (a)      Individual Defendant PERRY MALLAS is a principal and owner of the Corporate Defendant. Individual Defendant PERRY MALLAS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant PERRY MALLAS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant PERRY MALLAS directly regarding any of the terms of their employment, and Individual Defendant PERRY MALLAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant PERRY MALLAS exercised functional control over the business and financial operations of the Corporate Defendant. Individual Defendant PERRY MALLAS had the power and

authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b)    Individual Defendant WILLIAM MALLAS is a principal and owner of the Corporate Defendant. Individual Defendant WILLIAM MALLAS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant WILLIAM MALLAS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Individual Defendant WILLIAM MALLAS directly regarding any of the terms of their employment, and Individual Defendant WILLIAM MALLAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant WILLIAM MALLAS exercised functional control over the business and financial operations of the Corporate Defendant. Individual Defendant WILLIAM MALLAS had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10.    At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

12.    At all relevant times, Defendants employed at least eleven (11) employees as defined in the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including food preparers, deli worker, cooks, line cooks, chefs, dishwashers, cashiers, delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) proper compensation for all hours worked, (ii) reimbursement for uniform costs and (iii) reimbursement for "tools of the trade" costs and maintenance. A subclass of tipped employees employed as delivery persons also have a claim for illegally retained gratuities. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including food preparers, deli worker, cooks, line cooks, chefs, dishwashers, cashiers, delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous such that a joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiffs HIPOLITO VASQUEZ and JORGE URUCHIMA are members of both the Class and the Tipped Subclass.

19.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate

practices of (i) failing to pay proper overtime, (ii) failing to pay proper compensation for all hours worked due to a policy of time-shaving, (iii) improper meal credit deductions, (iv) illegally retaining gratuities, (v) failing to reimburse Plaintiffs for uniform costs, (vi) failing to reimburse "tools of the trade" costs and maintenance, (vii) failing to provide wage statements per requirements of the NYLL and (viii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

20.    With regards to Plaintiffs HIPOLITO VASQUEZ, JORGE URUCHIMA and the Tipped Subclass, Defendants' also failed to pay them the proper minimum wage and proper overtime due to Defendants' policy and practice of claiming an invalid tip credit. Defendants were not permitted to claim a tip credit because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) failed to provide evidence that the employee received in tips at least the amount of the allowance claimed, (iii) claimed a tip credit in excess of the statutory amount possible, (iv) failed to provide valid notice of the allowance claimed, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (vi) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period and (vii) failed to accurately keep track of daily tips earned and maintain records thereof. Plaintiffs and the Tipped Subclass suffered from Defendant's policy of illegal tip retention. Defendants collected all tips earned by delivery persons then redistributed them at the end of the week. However, when Defendants returned the tips to Plaintiffs and the Tipped Subclass, their tips were short approximately $20.00 per week.

21.    Defendants' corporate-wide policies and practices affected all Class members, similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

class member. Plaintiffs and other Class members sustained similar losses, injuries and damage arising from the same unlawful policies, practices and procedures.

22.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> (a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;
>
> (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
>
> (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;
>
> (d) Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;
>
> (e) Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(f) Whether Defendants caused time shaving by paying Plaintiffs and Class members for scheduled hours only;

(g) Whether Defendants provided proper notice to Plaintiffs and the Tipped Subclass that Defendants were taking a tip credit;

(h) Whether Defendants provided proper wage statements informing Plaintiffs and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(i) Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and the Tipped Subclass members under the New York Labor Law;

(j) Whether Defendants required Plaintiffs and the Tipped Subclass to perform non-tipped work for more than 20 percent of their workday;

(k) Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass;

(l) Whether Defendants improperly withheld tips from Plaintiffs and the Tipped Subclass by illegally retaining portions of tips earned by Plaintiffs the Tipped Subclass;

(m) Whether Defendants reimbursed Plaintiffs and Class members for uniform costs;

(n) Whether Defendants reimbursed Plaintiffs for "tools of the trade" and maintenance costs;

(o) Whether Defendants claimed an invalid meal credit deduction;

(p) Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(q) Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

26. Plaintiff HIPOLITO VASQUEZ

(a)    In or around January 2019, Plaintiff HIPOLITO VASQUEZ was hired by Defendants as a delivery person for Defendants' "BENVENUTO CAFÉ TRIBECA," located at 189 Franklin Street, New York, NY 10013. Plaintiff HIPOLITO VASQUEZ's employment was terminated on or around March 15, 2019.

(b)    Throughout his employment by Defendants, Plaintiff HIPOLITO VASQUEZ was scheduled to work from 5:00 p.m. to 11:00 p.m., for five (5) days a week, from Mondays to Wednesdays and Saturdays and Sundays, for approximately thirty (30) hours per week. Plaintiff HIPOLITO VASQUEZ worked without any breaks

(c)    Throughout his employment, Plaintiff HIPOLITO VASQUEZ's hourly wage was $12.50 per hour.

(d)    Throughout his employment by Defendants, Plaintiff HIPOLITO VASQUEZ was only paid for his scheduled shift from 5:00 p.m. to 11:00 p.m., for five (5) days per week. However, he was required to stay and work until 1:00 a.m. or 1:30 a.m. at least three times a week and Defendants did not compensate Plaintiff for any of the hours worked beyond his scheduled shift because Plaintiff was not required to clock in and clock out. As a result, Plaintiff was subjected to six (6) to seven and a half (7.5) hours of time shaving every week.

27.    Plaintiff JORGE URUCHIMA

(a)    In or around May 2018, Plaintiff JORGE URUCHIMA was hired by Defendants as a delivery person for Defendants' "BENVENUTO CAFÉ TRIBECA," located at 189 Franklin Street, New York, NY 10013. Plaintiff JORGE URUCHIMA's employment was terminated on or about March 15, 2019.

(b)    From in or about May 2018 to July 2018, Plaintiff JORGE URUCHIMA was scheduled to work from 4:00 p.m. to 12:00 a.m., for five (5) days a week, from Wednesdays to Sundays, for a total of forty (40) hours every week. From in or around July 2018 to December 2018, Plaintiff JORGE URUCHIMA was scheduled to work from 4:00 p.m. to 11:00 p.m., for five (5) days a week, from Wednesdays to Sundays, for a total of thirty-five (35) hours per week. From January 2019 until his termination on or around March 15, 2019, Plaintiff JORGE URUCHIMA was scheduled to work from 4:00 p.m. to 10:00 p.m., for five (5) days a week, from Wednesdays to Sundays, for a total of thirty (30) hours per week. Plaintiff JORGE URUCHIMA worked without any breaks.

(c)    In 2018, Plaintiff JORGE URUCHIMA's hourly wage was $10.75 per hour, which was below the prevailing tip credit minimum wage of $10.85. In 2019, Plaintiff JORGE URUCHIMA's hourly wage was $12.50 per hour.

(d)    From May 2018 to July 2018, Plaintiff JORGE URUCHIMA was only paid for his scheduled shift of 4:00 p.m. to 12:00 a.m., for five (5) days per week. However, he was required to stay and work until 1:00 a.m. every workday without pay after clocking out. Defendants did not compensate Plaintiff for any of the hours worked beyond his scheduled shift because Plaintiff was required to clock out. As a result, from May 2018 to

July 2018, Plaintiff JORGE URUCHIMA was subjected to five (5) hours of time shaving, which were overtime hours worked.

28.    Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) illegally retained gratuities, (vii) implemented an invalid tip pooling because Defendants retained tips, (viii) failed to accurately track daily tips earned or maintain records thereof, (ix) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, (x) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, and (xi) claimed a tip credit in excess of the statutory amount permissible, in violation of the NYLL.

29.    Plaintiffs, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' illegal retention of gratuities. Defendants implemented a policy at the Café where Defendants collected and retained all tips and then re-distributed them on the

weekends. However, when Defendants distributed the tips, Plaintiffs, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were always short approximately $20.00 every week. As a result, Defendants illegally retained tips from Plaintiffs, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass.

30.    Plaintiffs and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including cleaning the Café, taking out the garbage, and preparing food. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

31.    At all times, Plaintiffs, FLSA Collective Plaintiffs and the Class were automatically deducted thirty (30) minutes per workday for meals. In a given week, Defendants deducted two and a half (2.5) hours for meal breaks, but Plaintiffs, FLSA Collective Plaintiffs and Class members were required to work through their meal breaks. As such, Defendants failed to compensate Plaintiffs, FLSA Collective Plaintiffs and Class members for this work time. As a result of Defendants' actions, Plaintiffs, FLSA Collective Plaintiffs and Class members were subjected to time shaving of at least two and a half (2.5) hours per week.

32.    Plaintiffs, FLSA Collective Plaintiffs and Class members were required to purchase uniforms and vests from Defendants for $25, which contained Defendants' logo. Defendants unlawfully failed to reimburse Plaintiffs, FLSA Collective Plaintiffs and Class members for the uniform purchases.

33.    Defendants failed to reimburse Plaintiffs for their "tools of the trade" costs and their maintenance costs. Specifically, Plaintiffs were never provided with a means of transportation to make their deliveries. Plaintiffs were forced to purchase their own bikes, which cost

approximately $500 each, and pay for its maintenance and repairs, which was an average cost of approximately $50 per month. Delivery persons employed by the Defendants suffered a similar harm.

34.    Defendants improperly claimed a meal credit in violation of the New York Labor Law. Defendants claimed a $15.00 meal credit per week, which was deducted from Plaintiff's wages weekly, regardless of whether Plaintiff had a break time to eat. Notwithstanding the lack of a break to eat meals, Defendants regularly failed to provide a meal and when Defendants did provide a meal, the meal did not satisfy the regulatory meal credit requirements because Defendants did not provide at least one item from each food group. At all times the meals regularly failed to contain milk, tea, coffee or juice. At all times, employees were only permitted to drink soda and had to pay for other drinks. Class members were similarly deducted $15.00 for a meal credit even though they were not provided free and clear breaks for meals and meals did not contain an item from each food category.

35.    Defendants failed to satisfy the regulatory requirements of a meal credit and Plaintiffs and Class members never had an opportunity to take a free and clear meal break.

36.    Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

37.    Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiffs and Class members also received fraudulent

wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiffs and the Tipped Subclass.

38.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under the FLSA or NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked.

40.     Defendants knowingly and willfully operated their business with a policy of claiming an invalid meal credit in violation of the New York Labor Law.

41.     Defendant knowingly and willfully operated their business with a policy and practice that deducted and failed to reimburse or compensate Plaintiffs, FLSA Collective Plaintiffs and Class members for mandatory uniform purchases.

42.  Defendant knowingly and willfully operated their business with a policy and practice that deducted and failed to reimburse or compensate Plaintiffs, FLSA Collective Plaintiffs and Class members for "tools of the trade" costs and maintenance.

43.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

44.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

45.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46.     Plaintiffs reallege and reaver Paragraphs 1 through 45 of this Class and Collective Action Complaint as if fully set forth herein.

47.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

48.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

49.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

50.     At all relevant times, Defendant engaged in a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to Defendant's policy of time shaving.

51.     At all relevant times, Defendants had a policy and practice of illegally retaining gratuities.

52.     Defendants knowingly and willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights under the FLSA by failing to reimburse them for "tools of the trade" and maintenance/repair costs.

53.     Defendants knowingly and willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights under the FLSA by failing to reimburse them for uniform costs.

54.     Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

56.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, reimbursement of "tools of the trade" and uniform costs, damages representing disgorgement of illegally retained tips, and an equal amount as liquidated damages.

58.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

59.     Plaintiffs reallege and reaver Paragraphs 1 through 58 of this Class and Collective Action Complaint as if fully set forth herein.

60.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

62.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper wages for all of their hours worked due to Defendants' policy of time shaving.

63.     Defendants willfully violated Plaintiffs' and the Class members' rights by illegally retaining gratuities.

64.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to reimburse them for "tools of the trade" and maintenance/repair costs.

65.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to reimburse them for uniform costs.

66.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices and wage statements as required under the New York Labor Law.

67.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wage due to an invalid tip credit, unpaid wages resulting from time shaving, disgorgement of illegally retained tips, unreimbursed "tools of the trade" and uniform costs, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to time shaving and an invalid tip credit;

d.  An award of unpaid compensation due to Defendants' invalid meal credit deductions due under the New York Labor Law;

e.  An award of unpaid "tools of the trade" and maintenance costs due under the FLSA and the New York Labor Law;

f.  An award of unpaid uniform costs due under the FLSA and the New York Labor Law;

g.  An award equal to the amount of the improperly retained tips withheld by Defendants;

h.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours of work, pursuant to the New York Labor Law;

k.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiffs as Representatives of Class; and

o.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: June 19, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee
Brandon Sherr
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee (CL 4086)